UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-331(1) (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Nicholas Yoon Lee, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery, disclosure and other nondispositive relief. Having reviewed the parties' submissions, the Court determined that a hearing would not be necessary or helpful in resolving these disputes (ECF No. 76). Based on the parties' written submissions, and on the entire file, the Court enters the following Order.

I.     **Mr. Lee's Motion to Produce 404(b) Evidence (ECF No. [63])**

Mr. Lee's motion for disclosure of evidence the government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The government shall provide the notice required by Rule 404(b) at least **three weeks** prior to trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays. The notice requirement does not apply to evidence of conduct that is inextricably intertwined with the offense conduct charged.

II.    **Mr. Lee's Giglio Motion (ECF No. [64])**

Mr. Lee's motion for discovery of exculpatory and impeaching information is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S.

150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the government.

### III.   Mr. Lee's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants (ECF No. [65])

Mr. Lee moves the Court for an order, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Bruton v. United States*, 391 U.S. 123 (1968), compelling the Government to give notice and disclosure of its intent to refer to or introduce evidence at trial of statements or confessions of any codefendant, and granting Mr. Lee leave to file motions for severance, suppression, or motions in limine. The Government objects but agrees these statements could be Jencks material for a witness if called to testify.  To the extent the Motion seeks evidence favorable to Mr. Lee, the statements will be produced pursuant to the Court's Orders requiring the Government to disclose exculpatory and impeaching information. (*See* ECF No. 47; *see also supra* Order on Defendant's Giglio Motion (ECF No. 64)). The motion is further **GRANTED** to the extent that it conforms to the scope of Rule 16.  The Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968) or the Jencks Act. The Motion is otherwise **DENIED**.  Any motions in limine shall be filed in accordance with the District Court's pretrial order.

### IV.   Defendant's Motion for Discovery (ECF No. [66])

Mr. Lee's Motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), as previously ordered (ECF No. 53 at ¶ 4), the following deadlines shall apply:

a. Initial expert disclosures: 28 days prior to trial.

b. Rebuttal expert disclosures: 14 days prior to trial.

**SO ORDERED**.

Dated: April 14, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge